UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION and AMERICAN CIVIL LIBERTIES UNION FOUNDATION,<br><br>      Plaintiffs,<br><br>  v.<br><br>U.S. DEPARTMENT OF JUSTICE including its components OFFICE OF LEGAL COUNSEL and OFFICE OF INFORMATION POLICY,<br><br>      Defendants. | Civil Action No. _____ |

**COMPLAINT FOR INJUNCTIVE RELIEF**

**Introduction**

1.  This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief, seeking the immediate release of a legal opinion authored in 2003 by the Justice Department's Office of Legal Counsel ("OLC") interpreting "common commercial service agreements." Timely disclosure of that opinion is critically important to the ongoing legislative debate over the Cybersecurity Information Sharing Act ("CISA") and other cybersecurity legislative proposals.

2.  Over the last four years, Senator Ron Wyden has publicly raised concerns five times about the OLC's secret opinion interpreting common commercial service agreements (the "Opinion"). He has warned that the Opinion is inconsistent with the public's understanding of the law and is directly relevant to the ongoing debate in Congress regarding CISA and cybersecurity legislation more broadly. In letters sent to then–Attorney General Eric Holder,

Senator Wyden suggested that the executive branch has relied on the Opinion in the past and cautioned that the OLC's secret interpretation could be relied on in the future as a basis for policy.

3. Congress is now poised to pass CISA within the next few months. On the basis of CISA's express provisions, the bill has drawn widespread criticism from technology companies and civil liberties organizations for failing to adequately protect privacy. CISA, as currently drafted, permits companies to share sensitive information about their customers and users with government agencies without appropriately limiting the government's uses of that data.

4. Senator Wyden's warnings that the Opinion is relevant to proposed cybersecurity legislation raise the specter that CISA could affect Americans' privacy in ways that the plain text of the bill does not reveal. For that reason, Plaintiffs requested disclosure of the Opinion through FOIA. The government has, however, withheld the document in its entirety, claiming that it is exempt from disclosure under FOIA's Exemption Five.

5. Disclosure of the record Plaintiffs seek through this action would greatly benefit the public. It would contribute significantly to the public and legislators' understanding of CISA and its potential implications for the privacy of countless individuals.

**Jurisdiction and Venue**

6. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

7. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) because Plaintiffs' principal place of business is in Manhattan, New York, within this district.

## Parties

8.     Plaintiff American Civil Liberties Union ("ACLU") is a nationwide, non-profit, nonpartisan 26 U.S.C. § 501(c)(4) organization with more than 500,000 members dedicated to the constitutional principles of liberty and equality. The ACLU is committed to ensuring that the American government acts in compliance with the Constitution and laws. The ACLU is also committed to principles of transparency and accountability in government, and seeks to ensure that the American public is informed about the conduct of its government in matters that affect civil liberties. Obtaining information about governmental activity, analyzing that information, and widely publishing and disseminating it to the press and the public (in both its raw and analyzed form) is a critical and substantial component of the ACLU's work and one of its primary activities.

9.     Plaintiff American Civil Liberties Union Foundation is a separate § 501(c)(3) organization that educates the public about civil liberties and employs lawyers who provide legal representation free of charge in cases involving civil liberties.

10.    Defendant Department of Justice ("DOJ") is a department of the executive branch of the U.S. government and is an agency within the meaning of 5 U.S.C. § 552(f)(1). The OLC and Office of Information Policy ("OIP") are components of DOJ.

## Facts

### The Requested Record

11.    On March 10, 2015, Plaintiffs submitted substantially similar FOIA requests to the DOJ, OLC, Federal Bureau of Investigation ("FBI"), and National Security Agency ("NSA") (the "Requests"). (A true and correct copy of the Request is annexed hereto as Exhibit A.)

12. Each of the ACLU's Requests sought the OLC's legal opinion interpreting common commercial service agreements.

13. Plaintiffs sought a waiver of search, review, and duplication fees because the requested record was not sought for commercial use, because the ACLU is a "representative of the news media" under 5 U.S.C. § 552(a)(4)(A)(ii)(II), and because disclosure of the requested information would serve the public interest as defined under 5 U.S.C. § 552(a)(4)(A)(iii).

Agency Responses

14. The OLC, FBI, and NSA have acknowledged receipt of the FOIA request. The DOJ has not responded, except through its components.

15. By letter dated March 13, 2015, the FBI acknowledged receipt of Plaintiffs' request and referred the request to the DOJ.

16. On March 30, 2015, the NSA acknowledged receipt of Plaintiffs' Request and assigned it case number 80666. By letter dated June 17, 2015, the NSA recommended Plaintiffs seek the requested record directly from the OLC.

17. By email dated March 17, 2015 (which included a letter dated March 16, 2015), the OLC denied Plaintiffs' Request and assigned it tracking number FY15-041. The OLC indicated that it withheld the document under FOIA Exemption Five, 5 U.S.C. § 552(b)(5), asserting that the deliberative process and attorney–client privileges protect the document from disclosure. The OLC suggested that the document "may also be exempt under FOIA Exemption Three," 5 U.S.C. § 552(b)(3). (A true and correct copy of this letter is annexed hereto as Exhibit B.)

18. The OLC did not communicate its decision, if any, on Plaintiffs' request for a fee waiver or a limitation of fees.

19. The OLC directed Plaintiffs to submit an administrative appeal to the OIP.

## Administrative Appeals

20. On May 14, 2015, Plaintiffs timely appealed to the OIP from the OLC's denial of their Request. (A true and correct copy of this appeal is annexed hereto as Exhibit C.)

21. By email dated June 25, 2015 (which included a letter dated June 10, 2015), the OIP acknowledged receipt of Plaintiffs' administrative appeal and assigned it tracking number AP-2015-03815. This letter made no reference to Plaintiffs' request for a fee waiver or a limitation of fees.

22. The ACLU received no further response or correspondence from the OLC or OIP.

23. More than twenty days have elapsed since Plaintiffs filed their administrative appeal. Plaintiffs have therefore exhausted all administrative remedies.

## **Causes of Action**

24. Defendants' failure to timely respond to Plaintiffs' administrative appeal violates FOIA, 5 U.S.C. § 552(a)(6)(A)(ii), and Defendants' corresponding regulations.

25. Defendants' failure to promptly make available the record sought by the Request violates FOIA, 5 U.S.C. § 552(a)(3)(A), and Defendants' corresponding regulations.

26. Defendants have improperly withheld the responsive record, or portions thereof, under FOIA Exemption Five, 5 U.S.C. § 552(b)(5).

27. Defendants have improperly withheld the responsive record, or portions thereof, under FOIA Exemption Three, 5 U.S.C. § 552(b)(3), to the extent Defendants rely on it.

**Prayer for Relief**

WHEREFORE, Plaintiffs respectfully request that this Court:

1. Find improper Defendants' withholding of the requested record pursuant to FOIA Exemption Five and, to the extent Defendants rely on it, Exemption Three.

2. Order Defendants immediately to release to Plaintiffs the record sought or any segregable portions of it;

3. Enjoin Defendants from charging Plaintiffs search, review, or duplication fees for the processing of the Request;

4. Award Plaintiffs their costs and reasonable attorneys' fees incurred in this action; and

5. Grant such other relief as the Court may deem just and proper.

                                                Respectfully submitted,

                                                /s/ Alex Abdo
                                                American Civil Liberties Union Foundation
                                                125 Broad Street, 18th Floor
                                                New York, NY 10004
                                                Tel: (212) 549-2500
                                                Fax: (212) 549-2651
                                                aabdo@aclu.org

November 17, 2015