LEGAL DEPARTMENT



AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
NATIONAL OFFICE
125 BROAD STREET, 18TH FL.
NEW YORK, NY 10004-2400
T/212.549.2500
WWW.ACLU.ORG

OFFICERS AND DIRECTORS
SUSAN N. HERMAN
*PRESIDENT*

ANTHONY D. ROMERO
*EXECUTIVE DIRECTOR*

ROBERT B. REMAR
*TREASURER*

January 12, 2016

**BY ECF**

The Honorable P. Kevin Castel
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

   Re: *ACLU v. DOJ*, 15-cv-9002 (PKC)

Dear Judge Castel:

  As directed by the Court's November 19, 2015 Order (ECF No. 10), the parties provide this joint letter in advance of the Initial Pretrial Conference scheduled for January 22, 2016 at 2:30 p.m.

  This letter provides a brief description of: (1) the case, including the factual and legal bases for the claims and defenses; (2) any contemplated motions; and (3) the prospect for settlement. In addition, the parties set forth a proposed schedule for summary-judgment briefing. They also request that the Court excuse them from submitting a civil case management plan and adjourn the Initial Pretrial Conference, in light of the proposed schedule.

## I. Description of the Case

<u>Plaintiffs' Description</u>

  This lawsuit seeks to enforce a Freedom of Information Act ("FOIA") request that Plaintiffs submitted to the Department of Justice ("DOJ") on March 10, 2015. In their request, Plaintiffs sought the release of a legal opinion authored in 2003 by the DOJ's Office of Legal Counsel interpreting "common commercial service agreements." Plaintiffs sought the opinion after Senator Ron Wyden publicly warned that the opinion is inconsistent with the public's understanding of the law; that it is directly relevant to the ongoing legislative debate regarding cybersecurity; and that the executive branch relied on the opinion in the past.

  On March 17, 2015, the Office of Legal Counsel ("OLC") denied Plaintiffs' request, claiming that FOIA Exemption Five—specifically the deliberative-process and attorney–client privileges—protect the document from

disclosure. Plaintiffs administratively appealed from that decision, but the DOJ's Office of Information Policy ("OIP") did not timely respond. On November 17, 2015, Plaintiffs filed this lawsuit to compel the OLC or OIP to release the opinion.

The government has indicated that it will defend the withholding of the OLC opinion under FOIA Exemptions One, Three, and Five. While the government bears the burden of proving that a FOIA exemption applies, Plaintiffs intend to show that withholding on those bases is improper. With respect to the government's reliance on Exemptions One and Three, Plaintiffs intend to argue, among other things, that Defendants' blanket withholding is improper, particularly insofar as it extends to legal analysis that would not disclose classified facts. With respect to the government's reliance on Exemption Five, Plaintiffs intend to argue, among other things: that the government may not rely on either privlege it invokes because the OLC opinion reflects—or, at one point, reflected—agency working law; and that the government may not rely on the deliberative-process privilege because the opinion is neither predecisional nor deliberative.

The government has also indicated that it will argue that Plaintiffs' claims here are precluded, based on a prior lawsuit filed nearly a decade ago. That FOIA litigation concerned the withholding of hundreds of documents, one of which the government has now revealed is the OLC opinion at issue in this case. Courts have recognized that the doctrine of res judicata applies only narrowly in the FOIA context and does not preclude a claim where new factual circumstances affect the legal analysis undertaken in the earlier case. New factual circumstances exist here for reasons Plaintiffs will explain, including now-public evidence that the government has relied on the opinion at issue as its working law. That fact was not known during the prior litigation; indeed, virtually nothing was publicly known about the opinion during the prior litigation.

Defendants' Description

This action brought pursuant to FOIA seeks the disclosure of an OLC memorandum providing confidential legal advice to another executive agency regarding common commercial service agreements.  OLC has properly withheld the memorandum in full pursuant to FOIA Exemptions One, Three, and Five, 5 U.S.C. § 552(b)(1), (3), and (5).  The document at issue is currently and properly classified pursuant to Executive Order 13526 (Exemption One), is statutorily protected from disclosure under the National Security Act, 50 U.S.C. § 3024(i)(1) (Exemption Three), and is protected by the deliberative process and attorney-client privileges (Exemption Five).

Additionally, the ACLU's action is precluded because the U.S. District Court in the District of Columbia, in a recent consolidated FOIA case involving the same litigants, has already decided, after reviewing the document in camera,

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION

that it was properly withheld in full under the aforementioned exemptions. *See Electronic Privacy Information Center v. Dep't of Justice*, Nos. 1:06-CV-96, 1:06-CV-214 (RCL), 2014 WL 1279280 (D.D.C. Mar. 31, 2014) ("*EPIC*"). The ACLU's arguments that there are changed circumstances, or new factual material not available to the ACLU at the time of the *EPIC* opinion, are not well founded. Nor is there any basis for the ACLU's contentions—already rejected by the court in *EPIC*—that the document at issue has been adopted as agency policy or constitutes "working law." The argument that OLC legal advice generally is working law has been recently rejected by both the Second Circuit and the D.C. Circuit, *see New York Times Co. v. Dep't of Justice*, 806 F.3d 682, 686 (2d Cir. 2015); *Elec. Frontier Found. v. Dep't of Justice*, 739 F.3d 1, 10 (D.C. Cir. 2014), and the ACLU has not alleged any facts sufficient to support a finding that the document at issue is working law or has been expressly adopted.

## II. Contemplated Motions

The government intends to file a motion for summary judgment. Plaintiffs intend to file a cross-motion for summary judgment.

## III. Prospect for Settlement

The parties do not believe there is a prospect for settlement in this case.

## IV. Proposed Schedule and Case Management Plan

The parties have conferred and agree that it would be most efficient to proceed immediately to summary-judgment briefing. Specifically, the parties propose that the government submit its motion first, along with supporting declarations, and that Plaintiffs thereafter cross-move for summary judgment. The parties thus jointly request that the Court excuse them from submitting a proposed civil case management plan and set the following briefing schedule:

| | |
|---|---|
| February 29, 2016: | Defendants' motion for summary judgment due. |
| March 28, 2016: | Plaintiffs' cross-motion for summary judgment and brief in opposition to Defendants' motion due. |
| April 18, 2016: | Defendants' reply and brief in opposition to Plaintiffs' motion due. |
| May 9, 2016: | Plaintiffs' reply due. |

The parties also request oral argument and seek an argument date from the Court.

AMERICAN CIVIL LIBERTIES UNION FOUNDATION

### V. Request for Adjournment of the Initial Pretrial Conference

Because counsel for the parties have discussed and agreed upon a proposed schedule, the parties respectfully request that the Court adjourn the Initial Pretrial Conference scheduled for January 22, 2016. There have been no previous requests for adjournment or extension. Both parties consent to this request.

We thank the Court for its consideration of this submission.

Respectfully,

| | |
|---|---|
| PREET BHARARA<br>United States Attorney for the<br>Southern District of New York<br><br>By:   /s/ Arastu K. Chaudhury<br>ARASTU K. CHAUDHURY<br>Assistant United States Attorney<br>86 Chambers Street<br>New York, New York 10007<br>Telephone: 212-637-2633<br>Facsimile:  212-637-2750<br>arastu.chaudhury@usdoj.gov<br><br>*Counsel for Defendants* | /s/ Alex Abdo<br>Alex Abdo<br>American Civil Liberties Union<br> Foundation<br>125 Broad Street, 18th Floor<br>New York, NY 10004<br>Tel: (212) 549-2517<br>Fax: (212) 549-2651<br>aabdo@aclu.org<br><br>*Counsel for Plaintiffs* |