**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

AMERICAN CIVIL LIBERTIES
UNION *et al.*,

               Plaintiffs,

v.

UNITED STATES DEPARTMENT OF
JUSTICE et al.,

               Defendants.

15 Civ. 9002 (PKC)

# MEMORANDUM OF LAW IN SUPPORT OF THE DEPARTMENT OF JUSTICE'S MOTION FOR SUMMARY JUDGMENT

PREET BHARARA
United States Attorney
Southern District of New York
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007

Arastu K. Chaudhury
Assistant United States Attorney
       Of Counsel

# TABLE OF ATUHORITIES

Cases

*ACLU v. DOJ*,
   321 F. Supp. 2d 24 (D.D.C. 2004) .................................................................. 6, 7, 9

*ACLU v. DOJ*,
   681 F.3d 61 (2d Cir. 2012) ................................................................................. 5, 15

*Associated Press v. DOJ*,
   549 F.3d 62 (2d Cir. 2008) ...................................................................................... 4

*Ass'n of Retired R.R. Workers v. U.S. R.R. Ret. Bd.*,
   830 F.2d 331 (D.C. Cir. 1987) .............................................................................. 14

*Ball v. A.O. Smith Corp.*,
   451 F.3d 66 (2d Cir. 2006) ...................................................................................... 6

*Brennan Center v. DOJ*,
   697 F.3d 184 (2d Cir. 2012) ............................................................................... 9, 12

*Brinton v. Department of State*,
   636 F.2d 600 (D.C. Cir. 1980) .............................................................................. 10

*Carney v. DOJ*,
   19 F.3d 807 (2d Cir. 1994) ................................................................................... 4, 5

*Center for Nat'l Sec. Studies v. DOJ*,
   331 F.3d 918 (D.C. Cir. 2003) ................................................................................ 4

*CIA v. Sims*,
   471 U.S. 159 (1985) .............................................................................................. 16

*Croskey v. United States Office of Special Counsel*,
   No. 96-5114, 1997 WL 702364 (D.C. Cir. Oct. 17, 1997) ....................................... 6

*Department of the Interior v. Klamath Water Users Protective Ass'n*,
   532 U.S. 1 (2001) .................................................................................................... 4

*Drake v. Fed. Aviation Admin.*,
   291 F.3d 59 (D.C. Cir. 2002) ............................................................................... 6, 9

*Elec. Frontier Found. v. DOJ*,
    739 F.3d 1, 10 (D.C. Cir. 2014) ....................................................................... 12, 16

*Elec. Privacy Information Ctr. v. Dep't of Justice*,
    511 F. Supp. 2d 56, 63 (D.D.C. 2007) ................................................................. 8

*Elec. Privacy Info. Ctr. v. Dep't of Justice*, Nos. 06- 096, 06-214 (RCL),
    2014 WL 1279280 (D.D.C. Mar. 31, 2014) ............................................. 1, 3 4, 7, 8

*Fitzgibbon v. CIA*,
    911 F.2d 755 (D.C. Cir. 1990) ........................................................................... 15

*Grand Central P'ship, Inc. v. Cuomo*,
    166 F.3d 473 (1999) ......................................................................................... 10, 11

*Halperin v. CIA*,
    629 F.2d 144 (D.C. Cir. 1980) ........................................................................... 15

*Hopkins v. HUD*,
    929 F.2d 81 (2d Cir. 1991) ............................................................................. 9, 10, 11

*In re Country of Erie*,
    473 F.3d 413 (2d Cir. 2007) ............................................................................... 13

*In re Grand Jury Investigation*,
    399 F.3d 527 (2d Cir. 2005) ............................................................................... 13

*John Doe Agency v. John Doe Corp.*,
    493 U.S. 146 (1989) ........................................................................................... 4

*Larson v. Dep't of State*,
    565 F.3d 857 (D.C. Cir. 2009) ........................................................................... 5

*Miscavige v. IRS*,
    2 F.3d 366 (11th Cir. 1993) ............................................................................... 4

*Monahan v. New York City Dep't of Corrections*,
    214 F.3d 275 (2d Cir. 2000) ............................................................................... 6

*Montana v. United States*,
    440 U.S. 147 (1979) ........................................................................................... 5

*Nat'l Council of La Raza v. DOJ*,
    411 F.3d 350 (2d Cir. 2005) ......................................................................... 9, 10, 13

*New Hampshire v. Maine*,
    532 U.S. 742 (2001) ......................................................................... 5, 6

*New York Times Co. v. DOJ*,
    806 F.3d 682 (2d Cir. 2015) .............................................................. 12

*NLRB v. Sears, Roebuck & Co.*,
    421 U.S. 132 (1975) ...................................................................... 10, 11

*Primorac v. CIA*,
    277 F. Supp. 2d 117 (D.D.C. 2003) ................................................... 7

*Proctor v. LeClaire*,
    715 F3d 404 (2d Cir. 2013) ................................................................ 6

*Renegotiation Bd. v. Grumman Aircraft Eng'g Corp.*,
    421 U.S. 168 (1975) ............................................................................ 9

*Richards v. Jefferson County*,
    517 U.S. 793 (1996) ............................................................................ 5

*Taylor v. Sturgell*,
    553 U.S. 880 (2008) ....................................................................... 5, 6

*Tigue v. DOJ*,
    312 F.3d 70 (2d Cir. 2002) ........................................................... 10, 11

*Upjohn Co. v. United States*,
    449 U.S. 383 (1981) ...................................................................... 13, 16

*Wilner v. NSA*,
    592 F.3d 60 (2d Cir. 2009) ....................................................... 5, 14, 15

*Wolfe v. Froehlke*,
    358 F.Supp. 1318 (D.D.C. 1973) ....................................................... 7

*World Publishing Co. v. DOJ*,
    672 F.3d 825 (10th Cir. 2012) ........................................................... 4

Statutes

5 U.S.C. § 552(b) (1) ........................................................................................ 2, 13, 14

5 U.S.C. § 552(b)(3) ........................................................................................ 2, 13, 14

5 U.S.C. § 552(b)(5) .......................................................................................... 1, 2, 9

5 U.S.C. § 552(b) ................................................................................................... 15

50 U.S.C. § 3024(i)(1) ........................................................................................ 14, 15

Fed. R. Civ. P. 56(a) ............................................................................................... 4

TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................1

BACKGROUND ....................................................................................................................2

    A.   PLAINTIFFS' FOIA REQUEST ............................................................................2

    B.   THE DOCUMENT AT ISSUE ...............................................................................3

    C.   PRIOR LITIGATION INVOLVING THE DOCUMENT AT ISSUE ...........................3

ARGUMENT ........................................................................................................................4

    A.   Legal Standards ................................................................................................4

    B.   This Action Is Barred by *Res Judicata* ...........................................................5

    C.   The Document Was Properly Withheld Under the Applicable FOIA Exemptions ...........9

        1.   The Document Was Properly Withheld Under Exemption Five................................9

            a.      The Deliberative Process Privilege Applies ...............................................10

            b.      The Attorney-Client Privilege Applies .....................................................13

        2.   The Document Was Properly Withheld Under Exemptions One and Three ............14

        3.   No Information in the Document Is Reasonably Segregable ....................................16

        CONCLUSION.................................................................................................16

Defendant the Department of Justice ("DOJ" or the "Department") respectfully submits this memorandum of law in support of its motion for summary judgment.

## PRELIMINARY STATEMENT

Plaintiffs the American Civil Liberties Union Foundation and the American Civil Liberties Union (collectively, the "ACLU" or "Plaintiffs") filed a Freedom of Information Act ("FOIA") request seeking a single legal memorandum written by DOJ's Office of Legal Counsel ("OLC") in response to a confidential request from a client Executive Branch agency.  The document is a privileged legal advice memorandum squarely protected by the deliberative process and attorney-client privileges, and therefore was properly withheld because it is exempt from public disclosure pursuant to FOIA Exemption Five, 5 U.S.C. § 552(b)(5).  The document was also properly withheld pursuant to FOIA Exemptions One and Three, *id.* § 552(b)(1), (3), because it is classified and protected from disclosure by statute.

Indeed, the United States District Court for the District of Columbia has already made those precise determinations in an action involving the same parties after that court reviewed the document at issue *in camera*.  *Elec. Privacy Info. Ctr. v. Dep't of Justice*, Nos. 06- 096, 06-214 (RCL), 2014 WL 1279280 (D.D.C. Mar. 31, 2014).  Therefore, the doctrine of *res judicata* applies, and no changed circumstances or new facts exist to militate against applying that doctrine, barring Plaintiffs from seeking a second review in this Court.  In short, the Court need not revisit the decision reached by its sister court, but instead should grant summary judgment in favor of DOJ.

## BACKGROUND

### A. PLAINTIFFS' FOIA REQUEST

On March 10, 2015, OLC received a request dated the same day from the ACLU, seeking

a single document.  *See* Declaration of Paul P. Colborn, Special Counsel in the Office of Legal

Counsel of the United States Department of Justice ("Colborn Decl.") ¶ 8, Exh. A, at 1 ("the

ACLU Request").  The document was described as follows:

> The ACLU seeks disclosure of the legal opinion from the Justice Department's Office of
> Legal Counsel interpreting common commercial service agreements, as referenced in
> Senator Wyden's letter to Attorney General Holder, dated February 3, 2015.

*Id.*, Exh. A, at 3.

By letter dated March 16, 2015 and transmitted by email on March 17, 2015, OLC

responded to the ACLU, acknowledging receipt of the ACLU Request and informing the ACLU

that the requested memorandum had been located.  *See id.* ¶ 9, Exh. B, at 1.  OLC further

informed the ACLU that the document was protected by the deliberative process and attorney-

client privileges, and that OLC accordingly was withholding the document pursuant to FOIA

Exemption Five, 5 U.S.C. § 552(b)(5).  *Id.*  OLC also informed the ACLU that the document was

marked classified (and thus subject to Exemption One) and may also be exempt from disclosure

under FOIA Exemption Three, 5 U.S.C. § 552(b)(1), (3).  *Id.*

The ACLU appealed OLC's withholding determination on May 14, 2015, to the

Department's Office of Information Policy ("OIP"), the component charged with considering

such appeals.  *See id.* ¶ 10, Exh. C.  After the ACLU filed this lawsuit on November 17, 2015,

OIP informed the ACLU by letter dated December 7, 2015, that it would not make a

determination on the appeal in light of the pending litigation, pursuant to Department

regulations.  *See id.*, Exh. D.

## B. THE DOCUMENT AT ISSUE

The withheld document is a 19-page formal OLC legal advice memorandum to the General Counsel of an Executive Branch agency, drafted at the request of that agency General Counsel, dated March 30, 2003, and signed by OLC Deputy Assistant Attorney General John Yoo.  Colborn Decl. ¶ 12.  The memorandum was written in response to confidential communications from the Executive Branch client soliciting legal advice from OLC attorneys. *Id.*  As with all such OLC legal advice memoranda, the document contains confidential client communications made for the purpose of seeking legal advice, as well as predecisional legal advice from OLC attorneys transmitted to the Executive Branch client as part of the government's deliberative processes.  *Id.*  The identity of the recipient agency or agencies, combined with the already public information regarding the document's general subject matter, is itself information protected by the attorney-client privilege and may not be disclosed on the public record without waiving that privilege.  *Id.*  As explained in the classified declaration submitted for the Court's *ex parte*, *in camera* review,[1] this information is also classified and protected from disclosure by statute.

## C. PRIOR LITIGATION INVOLVING THE DOCUMENT AT ISSUE

In March 2014, less than a year before OLC's response to the ACLU Request, OLC's withholding of the same document from the ACLU in response to a different FOIA request was upheld after *in camera* review of the document by the United States District Court for the District of Columbia in the consolidated case *Electronic Privacy Information Center v. Department of Justice*, Nos. 06- 096, 06-214 (RCL), 2014 WL 1279280 (D.D.C. Mar. 31, 2014) ("*EPIC*").  Colborn Decl. ¶ 13, Exh. E ("Bradbury *EPIC* Declaration").  The document, which

---

[1] The classified declaration is being lodged today with the Department's Classified Information Security Officer, Michael P. Macisso, who will make arrangements for its secure transmission to the Court.

was identified in that case as ODAG 42, *see* Bradbury *EPIC* Declaration ¶ 98, was one of ten

OLC opinions reviewed by the *EPIC* court *in camera*, *see* Order, ECF No. 67, No. 06-096 (filed

Oct. 31, 2008), and determined to be properly withheld from disclosure pursuant to FOIA

Exemptions One, Three, and Five, Colborn Decl. ¶ 13; *see EPIC*, 2014 WL 1279280, at *1 ("The

Court is now satisfied with the Department's decisions to withhold these ten records under

Exemptions One and Three, since they are in fact properly classified, as well as Exemption Five

as each record contains confidential, pre-decisional legal advice protected by the deliberative-

process and attorney-client communications privileges.").

## ARGUMENT

### A.   Legal Standards

"Upon request, FOIA mandates disclosure of records held by a federal agency, unless the

documents fall within enumerated exemptions." *Department of the Interior v. Klamath Water

Users Protective Ass'n*, 532 U.S. 1, 8 (2001) (citations omitted).  Although these exemptions

"have been consistently given a narrow compass," *id.* (quotation marks omitted), they are

"intended to have meaningful reach and application," *John Doe Agency v. John Doe Corp.*, 493

U.S. 146, 152 (1989).  Through FOIA's exemptions, Congress recognized that public disclosure

is not always in the public interest, and struck "a balance between the public's right to know and

the government's legitimate interest in keeping certain information confidential."  *Associated

Press v. DOJ*, 549 F.3d 62, 64 (2d Cir. 2008) (quoting *Center for Nat'l Sec. Studies v. DOJ*, 331

F.3d 918, 925 (D.C. Cir. 2003)) (internal quotation marks omitted).

Most FOIA actions are resolved by summary judgment.  *See Carney v. DOJ*, 19 F.3d 807,

812 (2d Cir. 1994); *World Publishing Co. v. DOJ*, 672 F.3d 825, 832 (10th Cir. 2012); *Miscavige

v. IRS*, 2 F.3d 366, 369 (11th Cir. 1993).  Summary judgment is warranted if "there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.

R. Civ. P. 56(a).  In a FOIA case, "[a]ffidavits or declarations supplying facts indicating that the

agency has conducted a thorough search and giving reasonably detailed explanations why any

withheld documents fall within an exemption are sufficient to sustain the agency's burden."

*Carney*, 19 F.3d at 812 (footnote omitted).  An agency's declarations in support of its

determination are "accorded a presumption of good faith."  *Id.* at 812, 814 (quotation marks

omitted).  In national security matters, moreover, the government's justifications for withholding

are entitled to "substantial weight."  *Wilner v. NSA*, 592 F.3d 60, 73 (2d Cir. 2009) (quoting

*Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009)); *ACLU v. DOJ*, 681 F.3d 61, 69

(2d Cir. 2012).  Further, "an agency's justification for invoking a FOIA exemption is sufficient if

it appears logical or plausible."  *Wilner*, 592 F.3d at 73.

## B.   This Action Is Barred by *Res Judicata*

Two interrelated doctrines, claim and issue preclusion, which together are known as *res

judicata*, serve to preclude parties in cases, including those brought under FOIA, from

"contesting matters that they have had a full and fair opportunity to litigate," and thereby

"protect against the expense and vexation attending multiple lawsuits, conserve judicial

resources, and . . . miminiz[e] the possibility of inconsistent judgments."  *Taylor v. Sturgell*, 553

U.S. 880, 892 (2008) (quoting *Montana v. United States*, 440 U.S. 147, 153-154 (1979)) (internal

quotation marks omitted).

"Under the doctrine of claim preclusion, a final judgment forecloses successive litigation of

the very same claim, whether or not relitigation of the claim raises the same issues as the earlier

suit."  *Taylor*, 553 U.S. at 892 (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001))

(internal quotation marks omitted); *see also Richards v. Jefferson County*, 517 U.S. 793, 796

(1996) (holding that a prior judgment is generally *res judicata* as to all relevant issues which

could have been but were not raised and litigated in the suit).  The party asserting claim

preclusion must show that (1) the previous action involved an adjudication on the merits; (2) the

previous action involved the plaintiffs or those in privity with them; and (3) the claims asserted

in the subsequent action were, or could have been, raised in the prior action.  *Monahan v. New

York City Dep't of Corrections*, 214 F.3d 275, 285 (2d Cir. 2000).

"Issue preclusion, in contrast, bars successive litigation of an issue of fact or law actually

litigated and resolved in a valid court determination essential to the prior judgment, even if the

issue recurs in the context of a different claim." *Taylor*, 553 U.S. at 893 (quoting *New

Hampshire*, 532 U.S. at 748-49) (internal quotation marks omitted).  For there to be issue

preclusion, (1) the identical issue must be "raised in a previous proceeding," (2) the issue must

be "actually litigated and decided in that previous proceeding," (3) the party to be precluded

must have "had a full and fair opportunity to litigate the issue," and (4) the resolution of the issue

must be "necessary to support a valid and final judgment on the merits." *Proctor v. LeClaire*,

715 F.3d 404, 414 (2d Cir. 2013) (quoting *Ball v. A.O. Smith Corp.*, 451 F.3d 66, 69 (2d Cir.

2006)).

In FOIA cases, claim and issue preclusion do not apply to claims based on facts not yet in

existence at the time of the original action or when changed circumstances alter the legal issues

involved.  *ACLU v. DOJ*, 321 F. Supp. 2d 24, 34 (D.D.C. 2004).  To avoid preclusion based on

facts not previously in existence, the FOIA requester must show that the facts directly and

materially impact the nature of records responsive to the FOIA request.  *See, e.g.*, *Drake v. Fed.

Aviation Admin.*, 291 F.3d 59, 66 (D.C. Cir. 2002) (*res judicata* did not apply where subsequent

identical FOIA request now encompassed records that did not exist at the time the first FOIA

request was made); *Croskey v. United States Office of Special Counsel*, No. 96-5114, 1997 WL

702364, at *3 (D.C. Cir. Oct. 17, 1997) (*res judicata* inapplicable because document was not in

existence when earlier litigation was brought).  To establish changed circumstances, the FOIA

requester generally must show a change in the position of the agency receiving the FOIA request,

*e.g.*, where the agency has changed its justification for withholding a document, or information

in the document has been declassified.  *See ACLU*, 321 F. Supp. 2d at 34 (declassification of

information in a document is a changed circumstance that prevents applying *res judicata*); *Wolfe*

*v. Froehlke*, 358 F.Supp. 1318, 1319 (D.D.C. 1973) (lawsuit was not barred because the legal

issues in the case regarding the documents' exemption from disclosure had changed), *aff'd*, 510

F.2d 654 (D.C. Cir. 1974); *cf. Primorac v. CIA*, 277 F. Supp. 2d 117, 120 (D.D.C. 2003)

(dismissing case on basis of *res judicata* despite plaintiff's argument that automatic

declassification section of Executive Order 12,958 was unavailable to him in previous lawsuit for

same records, as the Executive Order was still unavailable because it was not yet effective).

    The judgment in *EPIC* precludes the ACLU's claim here.  First, *EPIC* was an

adjudication on the merits that involved the district court's reviewing *in camera* the same

document that is at issue in this litigation, and granting summary judgment to the government

after finding that the government had properly asserted Exemptions One, Three, and Five – the

same exemptions asserted here – to withhold the document.  *See* Colborn Decl. ¶ 13; *EPIC*, 2014

WL 1279280, at *1.  Second, the ACLU was a plaintiff in *EPIC*.  *Id.*  Finally, the claims asserted

in this action were, or could have been, asserted in *EPIC*.  The FOIA claim at issue in *EPIC*

arose from a series of requests that effectively sought all OLC memoranda concerning

surveillance by Executive Branch agencies directed at communications to or from U.S. citizens.[2]

---

[2] One of the FOIA requests at issue in *EPIC* sought "[a]ll memoranda, legal opinions, directives or instructions from
[DOJ departments] issued between September 11, 2001, and December 21, 2005, regarding the government's legal
authority for surveillance activity, wiretapping, eavesdropping, and other signals intelligence operations directed at

*See id.*  Even if the ACLU did not know that this specific memorandum was included among the documents reviewed *in camera* by the *EPIC* court, the ACLU had a full and fair opportunity to make any and all arguments in seeking disclosure of that document.  Indeed, in *EPIC*, the government's assertion of exemptions received the highest level of scrutiny available to a plaintiff in FOIA litigation—the district court issued its decision after reviewing the document *in camera* and determining that the government's assertions of Exemptions One, Three, and Five were proper.  Colborn Decl. ¶ 13.  The ACLU's claim in this lawsuit is therefore barred by claim preclusion.

Issue preclusion also bars this suit, for the same reasons.  The issue of the applicability of Exemptions One, Three, and Five to the document in question is precluded: the exact same issue arose in *EPIC*, that issue was actually and necessarily decided in *EPIC*, and the ACLU, as a party in *EPIC*, had a full and fair opportunity to litigate it.  *See id.*

None of the exceptions to *res judicata* apply.  The Government has not changed its position regarding the document at issue – the document remains classified, statutorily protected, and privileged, and the justifications for withholding remain the same.  Accordingly, no changed circumstances exist.  *See* Colborn Decl. ¶¶ 23-24.  Nor have any new facts come into existence since the final decision in *EPIC* that are material to the requested document.  *Id.*

The ACLU may argue that statements made by Senator Ron Wyden regarding the document, including in letters to the Attorney General, constitute new facts or changed circumstances.  *See* Compl. ¶ 2 ("In letters sent to then–Attorney General Eric Holder, Senator Wyden suggested that the executive branch has relied on the Opinion in the past and cautioned that the OLC's secret interpretation could be relied on in the future as a basis for policy.").  But

---

communications to or from U.S. citizens." *Elec. Privacy Information Ctr. v. Dep't of Justice*, 511 F. Supp. 2d 56, 63 (D.D.C. 2007).

such statements do not constitute new facts or changed circumstances material to the ACLU's

FOIA claim because they do not evince any change of the Executive Branch's position vis-à-vis

the document or otherwise affect its status under FOIA.  *See Drake*, 291 F.3d at 66; *Am. Civil

Liberties Union*, 321 F. Supp. 2d at 34.  As the Senator is not an Executive Branch official, his

statements about the document do not reflect the policy or position of any Executive Branch

agency.  *See Brennan Center v. DOJ*, 697 F.3d 184, 195, 206 (2d Cir. 2012); *Nat'l Council of La

Raza v. DOJ*, 411 F.3d 350, 356-59 (2d Cir. 2005); *infra* at 11-12.  Senator Wyden's statements

are simply not relevant to whether the document has been properly withheld under Exemptions

One, Three, and Five, and do not undermine the applicability of any of those exemptions.

Additionally, the Senator has made similar statements regarding the document at issue in letters

sent during at least the last four years.  Compl. ¶ 2.  Thus, the Senator's statements regarding the

document are not new facts since they were available to Plaintiffs well before the district court

ruled in *EPIC.*

## C.   The Document Was Properly Withheld Under the Applicable FOIA Exemptions

Even if the ACLU were not barred by the prior court decision from asserting that the

document was wrongfully withheld, the same result is required here.  As the agency declarations

submitted in connection with this motion demonstrate, the document was properly withheld

under Exemption Five as protected by the deliberative process and attorney-client privileges, and

under Exemptions One and Three as properly classified and protected by the National Security

Act.

### 1.   The Document Was Properly Withheld Under Exemption Five

Exemption Five exempts from disclosure "inter-agency or intra-agency memorandums or

letters which would not be available by law to a party . . . in litigation with the agency."

9

5 U.S.C. § 552(b)(5).  That language "incorporate[s] . . . all the normal civil discovery privileges."  *Hopkins v. HUD*, 929 F.2d 81, 84 (2d Cir. 1991); *accord Renegotiation Bd. v. Grumman Aircraft Eng'g Corp.*, 421 U.S. 168, 184 (1975).  "Stated simply, agency documents which would not be obtainable by a private litigant in an action against the agency under normal discovery rules (*e.g.*, attorney-client, work-product, executive privilege) are protected from disclosure under Exemption 5."  *Tigue v. DOJ*, 312 F.3d 70, 76 (2d Cir. 2002) (citation omitted).

      **a.**     **The Deliberative Process Privilege Applies**

Exemption Five encompasses the "'deliberative process' or 'executive' privilege, which protects the decisionmaking processes of the executive branch in order to safeguard the quality and integrity of governmental decisions."  *Hopkins*, 929 F.2d at 84; *accord Klamath*, 532 U.S. at 8-9 ("officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news"); *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150-51 (1975) ("those who expect public dissemination of their remarks may well temper candor with a concern for appearances . . . to the detriment of the decision making process" (quotation marks omitted)).  Legal advice, like other advisory opinions, "fits exactly within the deliberative process rationale for Exemption 5."  *Brinton v. Department of State*, 636 F.2d 600, 604 (D.C. Cir. 1980); *see La Raza*, 411 F.3d at 356-57.

An agency record must satisfy two criteria to qualify for the deliberative process privilege: it "must be both 'predecisional' and 'deliberative.'"  *Grand Central P'ship, Inc. v. Cuomo*, 166 F.3d 473, 482 (1999) (citations omitted); *accord Tigue*, 312 F.3d at 76–77.  A document is "predecisional" when it is "prepared in order to assist an agency decisionmaker in arriving at his decision."  *Grumman*, 421 U.S. at 184 (*quoted in Tigue*, 312 F.3d at 80; *Grand Central*, 166 F.3d at 482; *Hopkins*, 929 F.2d at 84).  While a document is predecisional if it "precedes, in temporal

sequence, the 'decision' to which it relates," *Grand Central*, 166 F.3d at 482, the government

need not "identify a specific decision" made by the agency to establish the predecisional nature

of a particular record, *Sears*, 421 U.S. at 151 n.18; *accord Tigue*, 312 F.3d at 80.  So long as the

document "was prepared to assist [agency] decisionmaking on a specific issue," it is

predecisional.  *Tigue*, 312 F.3d at 80.

     "A document is 'deliberative' when it is actually related to the process by which policies

are formulated."  *Grand Central*, 166 F.3d at 482 (quotation marks and alteration omitted).  In

determining whether a document is deliberative, courts inquire whether it "formed an important,

if not essential, link in [the agency's] consultative process," whether it reflects the opinions of

the author rather than the policy of the agency, and whether it might "reflect inaccurately upon or

prematurely disclose the views of [the agency]."  *Id.* at 483; *accord Hopkins*, 929 F.2d at 84.

Predecisional deliberative documents include "recommendations, draft documents, proposals,

suggestions, and other subjective documents which reflect the personal opinions of the writer

rather than the policy of the agency."  *Tigue*, 312 F.3d at 80 (quotation marks omitted).  The

privilege "focus[es] on documents 'reflecting advisory opinions, recommendations and

deliberations comprising part of a process by which governmental decisions and policies are

formulated.'"  *Hopkins*, 929 F.2d at 84-85 (quoting *Sears*, 421 U.S. at 150).

     As the Colborn Declaration explains, the document at issue by its very nature is

predecisional and deliberative: as a legal advice memorandum, the document was prepared in

advance of Executive Branch decision-making and reflects advice by OLC to an Executive

Branch client agency in connection with that decision-making.  Colborn Decl. ¶ 16.  Disclosure

of the document would reveal the advice itself, as well as the solicitation of that advice by the

client agency, which are exactly the types of exchanges that are essential components of the

government's deliberative process.  *Id.*  Compelled disclosure of this or similar documents would undermine the deliberative processes of the government and chill the candid and frank communications necessary for effective governmental decision-making.  *Id.*  The deliberative process privilege ensures that such candid and frank communications continue, that agencies continue to seek DOJ's advice, and that DOJ is able to provide candid, complete analysis to the Executive Branch.  *Id.*  This is especially important with regard to OLC advice, as OLC is often called upon to provide advice to the Executive Branch on particularly important, difficult and often controversial legal questions.  *See id.* ¶¶ 3-5.  For all of these reasons, the document falls squarely within the scope of the deliberative process privilege and Exemption 5.  *See, e.g.*, *New York Times Co. v. DOJ*, 806 F.3d 682, 687 (2d Cir. 2015) (upholding DOJ's withholding of privileged OLC memoranda under Exemption Five); *Elec. Frontier Found. v. DOJ*, 739 F.3d 1, 10 (D.C. Cir. 2014) (same).

Moreover, there is no basis for any claim that the memorandum has lost the protections of Exemption Five.  As a confidential legal advice memorandum, the document is not agency "working law."  *See New York Times*, 806 F.3d at 687; *Brennan Ctr.*, 697 F.3d at 203; *Elec. Frontier Found.*, 739 F.3d at 10.  Nor is there any evidence the memorandum has been expressly adopted as agency policy or publicly disclosed.  Colborn Decl. ¶¶ 23-24.  Although the ACLU's complaint points to statements about the document by Senator Wyden, he is not an Executive Branch official, and his statements cannot effect any adoption or waiver.  *Brennan Center*, 697 F.3d at 206.  The document therefore remains protected by the deliberative process privilege, and it was properly withheld under Exemption 5.

### b.     The Attorney-Client Privilege Applies

Exemption Five also incorporates the attorney-client privilege.  *La Raza*, 411 F.3d at 360;

*In re Grand Jury Investigation*, 399 F.3d 527, 533 (2d Cir. 2005).  "The attorney-client privilege

protects confidential communications between client and counsel made for the purpose of obtain-

ing or providing legal assistance.  Its purpose is to encourage attorneys and their clients to com-

municate fully and frankly and thereby to promote 'broader public interests in the observance of

law and administration of justice.'"  *In re Country of Erie*, 473 F.3d 413, 418 (2d Cir. 2007)

(quoting *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981) (citation omitted)).  It operates

in the government context as it does between private attorneys and their clients, "protect[ing]

most confidential communications between government counsel and their clients that are made

for the purpose of obtaining or providing legal assistance."  *Id.*  "To invoke the attorney-client

privilege, a party must demonstrate that there was: (1) a communication between client and

counsel, which (2) was intended to be and was in fact kept confidential, and (3) made for the

purpose of obtaining or providing legal advice." *Id.* at 419.  A lawyer's advice regarding how to

comply with or implement legal obligations is privileged as well.  *Id.* at 422.

As the Colborn Declaration explains, the attorney-client privilege applies to the document

at issue here.  *See* Colborn Decl. ¶ 18.  The document is a confidential communication between

OLC and its Executive Branch agency client, consisting of legal advice incorporating

confidential information from that agency provided for the purpose of obtaining such legal

advice.  *Id.*  Its confidentiality has been maintained.  *Id.*  Compelled disclosure of the document

would reveal legal advice and client confidences, thereby undermining DOJ's ability to provide

advice to its client agencies and those agencies' willingness to seek that advice.  Colborn Decl. ¶

18.  Thus, OLC properly withheld the document pursuant to Exemption Five and the attorney-

client privilege.

13

**2.   The Document Was Properly Withheld Under Exemptions One and Three**

The document is also classified and protected from disclosure by statute, and thus it was properly withheld under Exemptions One and Three, 5 U.S.C. § 552(b)(1),(3), in addition to Exemption Five.

First, the document is currently and properly classified in its entirety, and is therefore protected under FOIA Exemption One.  Exemption One exempts from disclosure records that are "specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy," and "are in fact properly classified pursuant to such Executive order."  5 U.S.C. § 552(b)(1).  Pursuant to Executive Order 13,526, 75 Fed. Reg. 707 (Jan. 5, 2010), information is properly classified if (1) an original classifying authority classified the information; (2) the information is owned by, produced by or for, or is under the control of the United States Government; (3) the information "pertains to" one of eight categories of information specified in the Executive Order, including "intelligence activities (including covert action), sources and methods"; and (4) its "unauthorized disclosure could reasonably be expected to cause identifiable or describable damage to the national security." Executive Order 13,526, § 1.4; *see also id.* § 1.1.  The document at issue in this case satisfies all of these criteria, as explained in detail in the classified declaration submitted for the Court's review *ex parte* and *in camera*.

Second, the document is protected from disclosure by FOIA Exemption Three in conjunction with the National Security Act, 50 U.S.C. § 3024(i)(1).  Exemption Three permits the withholding of information that is "specifically exempted from disclosure by [a] statute" that "leave[s] no discretion on the issue" or "establishes particular criteria for withholding."  5 U.S.C. § 552(b)(3).  Exemption Three "differs from other FOIA exemptions in that its applicability depends less on the detailed factual contents of specific documents; the sole issue for decision is

14

the existence of a relevant statute and the inclusion of the withheld material within the statute's coverage." *Wilner*, 592 F.3d. at 52 (quoting *Ass'n of Retired R.R. Workers v. U.S. R.R. Ret. Bd.*, 830 F.2d 331, 336 (D.C. Cir. 1987)).  The relevant withholding statute at issue in this case is the National Security Act of 1947, as amended by the Intelligence Reform and Terrorism Prevention Act of 2004.  That statute mandates that the "Director of National Intelligence shall protect intelligence sources and methods from unauthorized disclosure."  50 U.S.C. § 3024(i)(1).  Here, as explained in the classified declaration submitted for *ex parte*, *in camera* review, disclosure of the document would reveal intelligence sources and methods protected from disclosure by the National Security Act and Exemption 3.

The justifications provided in the classified declaration are plainly logical and plausible, and are entitled to substantial deference from the Court.  *ACLU v. DOJ*, 681 F.3d at 69; *Wilner*, 592 F.3d at 73.  Indeed, given "the uniquely executive purview of national security" and "the relative competencies of the executive and judiciary," courts "have consistently deferred to executive affidavits predicting harm to the national security, and have found it unwise to undertake searching judicial review."  *Wilner*, 592 F.3d at 76 (internal quotation marks omitted); *accord Halperin v. CIA*, 629 F.2d 144, 148 (D.C. Cir. 1980); *Fitzgibbon v. CIA*, 911 F.2d 755, 766 (D.C. Cir. 1990).  As the Second Circuit has instructed, it is "bad law and bad policy to second-guess the predictive judgments made by the government's intelligence agencies."  *ACLU v. DOJ*, 681 F.3d at 70-71 (quoting *Wilner*, 592 F.3d at 76) (internal quotation marks omitted); *see also CIA v. Sims*, 471 U.S. 159, 179 (1985) (intelligence officials must "be familiar with 'the whole picture' as judges are not," and their decisions "are worthy of great deference given the magnitude of the national security interests and potential risks at stake").

15

**3.     No Information in the Document Is Reasonably Segregable**

Although FOIA provides that "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection," 5 U.S.C. § 552(b), here the document at issue contains no reasonably segregable non-exempt information.  First, as an attorney-client communication, the attorney-client privilege protects the document in full.  Colborn Decl. ¶¶ 5-7, 18, 22; *see Elec. Frontier Found.* 739 F.3d at 12 (factual material contained in an OLC memorandum, which was provided to OLC so that it could provide legal advice, was protected from disclosure); *see also Upjohn Co.*, 449 U.S. at 390 (attorney-client privilege "exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice").  Second, the government's classified declaration also explains that no nonexempt information can be reasonably segregated from the information exempt from disclosure under Exemptions One, Three, and Five.

## CONCLUSION

Based on the foregoing, the Court should grant summary judgment in favor of DOJ.

Dated:  New York, New York
        March 7, 2016

                                    PREET BHARARA
                                    United States Attorney for the
                                    Southern District of New York

                            By:     /s/*Arastu K. Chaudhury*
                                    ARASTU K. CHAUDHURY
                                    Assistant United States Attorney
                                    86 Chambers Street
                                    New York, New York 10007
                                    Telephone: 212-637-2633
                                    Facsimile:  212-637-2750
                                    arastu.chaudhury@usdoj.gov