UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
AMERICAN CIVIL LIBERTIES UNION and
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION,

                         Plaintiffs,                    15-cv-9002 (PKC)

      -against-                        MEMORANDUM
                                                      <u>AND ORDER</u>

U.S. DEPARTMENT OF JUSTICE including its
components OFFICE OF LEGAL COUNSEL and
OFFICE OF INFORMATION POLICY,

                        Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

          Plaintiffs American Civil Liberties Union and American Civil Liberties Union Foundation (together, "ACLU"), commenced this Freedom of Information Act ("FOIA") action seeking the disclosure of a May 2003 memorandum concerning common commercial service agreements written by the Department of Justice ("DOJ") Office of Legal Counsel ("OLC") (the "Memorandum").

          Currently before the Court are the parties' cross-motions for summary judgment which raise the issue of whether the government may withhold the Memorandum under any one of three claimed FOIA exemptions. Because this Court finds that the government properly withheld the Memorandum pursuant to FOIA Exemption 1(for classified national defense or foreign policy secrets), and Exemption 3 (for documents specifically exempted from disclosure by statute), defendants' motion for summary judgment is granted and plaintiffs' cross-motion for summary judgment is denied.

BACKGROUND

On March 10, 2015, Plaintiffs submitted FOIA requests to the DOJ, OLC, Federal Bureau of Investigation ("FBI"), and the National Security Agency ("NSA"). (Compl. ¶ 11.) Each of these requests sought an OLC memorandum written in 2003 regarding "common commercial service agreements." (Id. ¶¶ 1, 12.) For several years, Senator Ron Wyden has been urging the DOJ to withdraw and release this memorandum warning that it is "inconsistent with the public's understanding of the law" and is relevant to ongoing Congressional debate regarding cybersecurity legislation. (Id. ¶ 2.) Senator Wyden has also suggested that executive branch officials have relied on the allegedly problematic conclusions in the Memorandum in the past and could rely on them again in the future. (Id.)

The OLC responded to the ACLU's FOIA request in a letter dated March 16, 2015. (Colborn Decl. Ex. B.) It acknowledged receipt of the request and confirmed that it had located the Memorandum. (Id.) However, the OLC informed the ACLU that it was withholding the Memorandum pursuant to FOIA Exemption 5, 5 U.S.C. § 552(b)(5), "because it [was] protected by the deliberative process and attorney-client privileges." (Colborn Decl. Ex. B.) In addition, the OLC informed the ACLU that the Memorandum may also be exempt from disclosure pursuant to FOIA Exemption 3, 5 U.S.C. § 552(b)(3), which protects information "specifically exempted from disclosure by statute," id., and that it was classified (making it potentially exempt under FOIA Exemption 1, 5 U.S.C. § 552(b)(1), as well). (Colborn Decl. Ex. B.)

The ACLU timely appealed the denial of its request on May 14, 2015. (Id. Ex. C.) After receiving no response from the government, the ACLU filed the instant action on

November 17, 2015 alleging that the OLC's denial of its request violates FOIA, 5 U.S.C. § 552.[1] (Compl. ¶¶ 22, 25.) On December 7, 2015 the DOJ Office of Information Policy ("OIP") responded to the ACLU's appeal noting that because the ACLU had filed this lawsuit, the OIP could not act on the FOIA appeal and was therefore closing the appeal file. (Colborn Decl. Ex. D.)

In its motion for summary judgment, the government claims that the Memorandum was appropriately withheld pursuant to FOIA Exemption 1 (for classified national security information), Exemption 3 (for documents protected from disclosure by statute), and Exemption 5 (for privileged materials). (Defs' Mot. Summ. J. 1.) In its cross-motion for summary judgment, the ACLU maintains that none of the cited exemptions apply and the document, or portions thereof, must be disclosed. (Pls.' Cross-Mot. Summ. J.) Because the Court finds that the Memorandum was properly withheld under Exemptions 1 and 3, the Court declines to address the applicability of FOIA Exemption 5.

DISCUSSION

I. Legal Standard.

"Summary judgment is the preferred procedural vehicle for resolving FOIA disputes." Nat'l Immigration Project of the Nat'l Lawyers Guild v. U.S. Dep't of Homeland Sec., 868 F. Supp. 2d 284, 290 (S.D.N.Y. 2012) (internal quotation marks omitted). "In order to prevail on a motion for summary judgment in a FOIA case, the defending agency has the burden of showing that . . . any withheld documents fall within [one of the nine] exemption[s] to the FOIA." Carney v. U.S. Dep't of Justice, 19 F.3d 807, 812 (2d Cir. 1994). To meet this burden, the agency may rely on affidavits or declarations that "describe the justifications for

---

[1] Because the OLC did not respond to the ACLU's appeal within 20 days, the ACLU is deemed to have exhausted its administrative remedies. See 5 U.S.C. § 552(a)(6)(C)(i).

nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." Wilner v. Nat'l Sec. Agency, 592 F.3d 60, 73 (2d Cir. 2009) (quoting Larson v. Dep't of State, 656 F.3d 857, 862 (D.C. Cir. 2009)). These agency declarations are "accorded a presumption of good faith." Carney, 19 F.3d at 812 (quoting Safecard Servs., Inc. v. SEC, 926 F.2d 1197, 1200 (D.C. Cir. 1991)).

FOIA expressly provides for *de novo* review of an agency's decision to withhold a document. 5 U.S.C. § 552(a)(4)(B). In the context of national security, however, a court "must accord *substantial weight* to an agency's affidavit concerning the details of the classified status of the disputed record." Am. Civil Liberties Union v. Dep't of Justice, 681 F.3d 61, 69 (2d Cir. 2012) (internal quotation marks omitted). "Although conclusory affidavits that merely recite statutory standards, or are overly vague or sweeping will not, standing alone, carry the government's burden," Larson, 565 F.3d at 864, "[agency] declarations . . . need not contain 'factual descriptions that if made public would compromise the secret nature of the information,'" N.Y. Times Co. v. U.S. Dep't of Justice, 872 F. Supp. 2d 309, 314 (S.D.N.Y. 2012) (quoting Hayden v. Nat'l Sec. Agency/Cent. Sec. Serv., 608 F.2d 1381, 1384–85 (D.C. Cir. 1979)). "Ultimately, an agency's justification for invoking a FOIA exemption is sufficient if it appears logical or plausible." Wilner, 592 F.3d at 73 (quoting Larson, 565 F.3d at 862).

II.   FOIA Exemption 1.

"FOIA represents Congress's balance 'between the right of the public to know and the need of the Government to keep information in confidence.'" N.Y. Times Co., 872 F. Supp. 2d at 314 (quoting John Doe Agency v. John Doe Corp., 493 U.S. 146, 152 (1989)). Therefore, while FOIA "strongly favor[s] public disclosure of information in the possession of

federal agencies," Halpern v. F.B.I., 181 F.3d 279, 286 (2d Cir. 1999), the statute recognizes "that public disclosure is not always in the public interest," and thus allows agencies to withhold documents that are covered by any one of the nine exemptions set forth in the Act. C.I.A. v. Sims, 471 U.S. 159, 166–67 (1985).

Under Exemption 1, the federal government may withhold records that are "(A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive order." 5 U.S.C. § 552(b)(1). Executive Order 13,526 sets forth the current standard for classification, which consists of four requirements: "(1) an original classification authority [has classified] the information; (2) the information is owned by, produced by or for, or is under the control of the United States Government; (3) the information falls within one or more of the categories of information listed in section 1.4 of this order; and (4) the original classification authority [has] determine[d] that the unauthorized disclosure of the information reasonably could be expected to result in damage to the national security . . . and the original classification authority is able to identify or describe the damage." Exec. Order No. 13,526, §§ l.l(a)(l)-(4). "[D]amage to the national security" is defined as "harm to the national defense or foreign relations of the United States from the unauthorized disclosure of information, taking into consideration such aspects of the information as the sensitivity, value, utility, and provenance of that information." Id. § 6.1(l).

In this case, the government contends that the Memorandum was properly classified under Section 1.4 of Executive Order 13,526 which permits the classification of, among other things, information concerning "intelligence activities (including covert action), intelligence sources or methods, or cryptology." Id. § 1.4(c); (Defs.' Mot. Summ. J. 14-15.)

In support of its claims, the government has submitted both unclassified and classified declarations (the "Classified Declaration").  (See Colborn Decl.; Classified Decl.) While FOIA requires this Court to undertake a *de novo* review of an agency's original classification decision, 5 U.S.C. § 552(a)(4)(B), there is no evidence to suggest that the Memorandum was not properly classified in the first instance.  After reviewing the government's submissions, the Court is persuaded that the information in the Memorandum would reveal intelligence activities, sources, and methods, and that disclosure of the Memorandum would risk harm to the national security.  It may therefore be properly withheld under Exemption 1.

III.    FOIA Exemption 3.

The government also withheld the Memorandum pursuant to Exemption 3 which shields materials "specifically exempted from disclosure by statute."  5 U.S.C. § 552(b)(3); (Defs.' Mot. Summ. J. 14-15.)  When an agency claims the protection of Exemption 3, a court "must consider whether the statute identified by the agency is a statute of exemption as contemplated by Exemption 3 . . . [and] whether the withheld material satisfies the criteria of the exemption statute."  Wilner, 592 F.3d at 72 (internal quotation marks omitted).  "Exemption 3 differs from other FOIA exemptions in that its applicability depends less on the detailed factual contents of specific documents; the sole issue for decision is the existence of a relevant statute and the inclusion of withheld material within the statute's coverage."  Id. (citations omitted).

According to the government, disclosure of the Memorandum is barred by the National Security Act of 1947, as amended by the Intelligence Reform and Terrorism Prevention Act of 2004, which protects intelligence sources and methods, see 50 U.S.C. § 3024(i)(1), and is a recognized withholding statute under Exemption 3, see e.g., Sims, 471 U.S. at 168, Wilner, 592 F.3d at 71-72.

As stated above, the Court has reviewed the government's classified and unclassified submissions and finds that the Memorandum was properly classified because its disclosure would expose sensitive intelligence sources and methods. Therefore it is exempt from disclosure pursuant to the National Security Act and FOIA Exemption 3.

IV.     ACLU Objections.

The ACLU does not specifically question the original classification determination or the applicability of the National Security Act to the Memorandum. Instead, it raises two objections to the government's decision to deny its FOIA request and withhold the Memorandum pursuant to Exemptions 1 and 3. The ACLU first argues that the government may not rely on either exemption because the unclassified declarant, OLC Special Counsel Paul Colburn, does not have original classification authority. (Pls. Cross-Mot. Summ. J. 16-17.) However, this objection is unavailing because the government's classified declarant possess the appropriate classification authority. (See Classified Decl.)

Second, the ACLU argues that the government's public justifications for withholding the Memorandum under Exemptions 1 and 3 are "entirely conclusory, containing nothing more than boilerplate recitations of the legal standards governing those exemptions," and therefore fail to establish the application of Exemptions 1 and 3 with the required degree of specificity. (Pls.' Cross-Mot. Summ. J. 17.) While it is true that "[t]he court is to require the agency to create as full a *public* record as possible, concerning the nature of the documents and the justification for nondisclosure," N.Y. Times Co. v. U.S. Dep't of Justice, 758 F.3d 436, 439 (2d Cir.), supplemented, 762 F.3d 233 (2d Cir. 2014) (quoting Hayden, 608 F.2d at 1384), FOIA does not require the government to provide public justifications for withholding a document that would compromise properly classified information, see N.Y. Times Co., 872 F. Supp. 2d at 314–

15 (quoting Hayden, 608 F.2d at 1384–85).  In fact, in the context of classified national security information, it is often the case that a court will need to review both public filings and classified materials in order to determine the propriety of a claimed FOIA exemption.  See Hayden, 608 F.2d 1385 ("We recognize that a fuller public record could enhance the adversary process; but it could also reveal sensitive information. This would violate Exemption 1 . . . .  In a limited range of security cases, it is simply not possible to provide for orderly and responsible decisionmaking about what is to be disclosed, without some sacrifice to the pure adversary process. . . .  [J]udges must sometimes make these decisions without full benefit of adversary comment on a complete public record.").

Having reviewed the government's Classified Declaration along with its unclassified submissions, the Court concludes that the government has said all that it can about the Memorandum publicly and any further disclosures would pose a risk to national security.  See id., at 1391) ("The [Government] has stated as much detail publicly in this case as it reasonably could without revealing sensitive information, and presented further specifics *in camera*.  This is the proper way to satisfy FOIA Exemption 3."); Amnesty Int'l USA v. C.I.A., 728 F. Supp. 2d 479, 507-08 (S.D.N.Y. 2010) (acknowledging plaintiffs' complaint that the public declarations were conclusory and did not provide sufficient detail to justify withholding under Exemption 1 but ultimately reviewing classified submissions and concluding that withholding was appropriate).  Accordingly, the government may withhold the Memorandum under Exemptions 1 and 3.

V.	Segregability.

Finally, the ACLU argues that even if some information in the Memorandum is properly classified, the government has failed to adequately explain why no portions of the Memorandum can be segregated from the properly withheld material and released.  (Pls.' Cross-Mot. Summ. J. 19.)

Even if some part of a document is exempt from disclosure, [FOIA] requires the Government to disclose "[a]ny reasonably segregable portion," 5 U.S.C. § 552(b), unless the non-exempt information is "inextricably intertwined" with the exempt material, Sussman v. U.S. Marshals Serv., 494 F.3d 1106, 1116 (D.C. Cir. 2007) (quoting Mead Data Cent., Inc. v. U.S. Dep't of the Air Force, 566 F.2d 242, 260 (D.C. Cir. 1977)). "While an agency must provide a 'detailed justification' and not 'conclusory statements' to support its position that the non-exempt material cannot be reasonably segregated, it also 'should not be forced to provide such a detailed justification that would itself compromise the secret nature of potentially exempt information.'"  Roman v. C.I.A., No. 11 Civ. 2390 (JFB)(WDW), 2012 WL 6138487, at *7 (E.D.N.Y. Dec. 11, 2012) (quoting Mead Data Cent., Inc., 566 F.2d at 261).  "Before approving the application of a FOIA exemption, the district court must make specific findings of segregability regarding the documents to be withheld."  Sussman, 494 F.3d at 1116.

The ACLU is principally interested in obtaining the legal analysis contained in the OLC memorandum.  (See Pls.' Cross-Mot. Summ. J. 19.)  Legal analysis is not itself an intelligence source or method for the purposes of Exemptions 1 and 3, see N.Y. Times Co. v. U.S. Dep't of Justice, 756 F.3d 100, 119 (2d Cir.), opinion amended on denial of reh'g, 758 F.3d 436 (2d Cir.), supplemented, 762 F.3d 233 (2d Cir. 2014), however, the Second Circuit also recognizes that "in some circumstances legal analysis could be so intertwined with facts entitled

to protection that disclosure of the analysis would disclose such facts," id.  After reviewing the government's submissions, and particularly the Classified Declaration, the Court concludes that such is the case here.  "Release of any further information could breach the informational levee that FOIA exemptions are designed to protect."  Am. Civil Liberties Union v. F.B.I., No. 11 Civ. 7562, 2015 WL 1566775, at *4 (S.D.N.Y. Mar. 31, 2015).

This Court recognizes that it is unlikely that each and every word in the Memorandum is classified.  But case citations and quotations standing in a vacuum would be meaningless.  If sufficient context was disclosed to make the non-exempt material meaningful, the circumstances warranting the classification of the Memorandum would be revealed.  FOIA does not require redactions and disclosure to this extent.  See Rodriguez v. I.R.S., No. 09 Civ. 5337 (RJD)(VVP), 2012 WL 4369841, at *8 (E.D.N.Y. Aug. 31, 2012), report and recommendation adopted, No. 09 Civ. 5337 (RJD)(VVP), 2012 WL 4364696 (E.D.N.Y. Sept. 24, 2012) ("To the extent that the removal of exempt information would leave little more than templates, so that the purpose served by releasing the records in full is no longer served, disclosure of redacted records is not required.") (internal quotations omitted).

CONCLUSION

"Recognizing the relative competencies of the executive and judiciary, . . . it is bad law and bad policy to 'second-guess the predictive judgments made by the government's intelligence agencies' regarding questions such as whether disclosure of [classified] records would pose a threat to national security."  Wilner, 592 F.3d at 76 (quoting Larson, 565 F.3d at 865 (D.C. Cir. 2009)).  As set forth above, the Court finds that the government properly withheld the Memorandum under Exemptions 1 and 3.  Therefore, defendants' motion for summary judgment is GRANTED and plaintiffs' cross-motion for summary judgment is DENIED.

- 11 -

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       January 18, 2017